# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4729 | **DATE** | 9/29/2004 |
| **CASE TITLE** | Perry vs. Sheet Metal Workers' Natl PenFd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    For the reasons stated in the attached memorandum opinion, defendant's motion for summary judgment and motion to strike are denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** | |
| ✓ | Notices distributed by judge's staff in open Court on 09/30/04. | | SEP 3 0 2004 date docketed | | |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | 31 | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 9/29/2004 date mailed notice | | |
| MW | courtroom deputy's initials | 2004 SEP 30 AM 8:11 Date/time received in central Clerk's Office | maw mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD C. PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 4729 |
| ) | |
| SHEET METAL WORKERS' ) | |
| NATIONAL PENSION FUND, ) | |
| ) | |
| Defendant. ) | |

DOCKETED SEP 3 0 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sheet Metal Workers' National Pension Fund's ("Fund") motion for summary judgment and motion to strike. For the reasons stated below, we deny both the Fund's motion to strike and its motion for summary judgment.

## BACKGROUND

In 1983 the union representing Plaintiff Donald C. Perry ("Perry"), Sheet Metal Workers' Local No. 73 ("Local 73"), began participating in the Fund which is a multi-employer pension plan. Accordingly, that year Perry began accruing hours of covered employment towards years of service. However, when reviewing Perry's

1

31

record, the Fund concluded that records showed Perry failed to earn the requisite 435 hours of work during the 1984, 1985, 1986 and 1988, 1989, 1990, 1991, 1992, and 1993 plan years, resulting in a one year break in service during each of those years. The Fund concluded that since Perry had not attained vested status by 1988, the five consecutive one-year breaks in service from 1988 to 1993 caused Perry to incur a permanent break in service, which resulted in the loss of Perry's pension credit earned prior to that date, which amounted to fifteen years of credit. Perry was employed as a teacher at the Washburne Trade School ("Washburne") from 1983 to 1992, where he taught future sheet metal workers. Perry argues that the hours he worked at Washburne were improperly omitted from his pension hours, therefore causing him to lose credit for that time period and incur the one-year breaks in service.

On April 9, 2003, the Fund denied Perry's appeal concerning his alleged break in service, which caused him to lose prior service credit. Perry subsequently filed a complaint in the instant action which alleges a violation of Sections 502 and 204(g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The Fund has filed a motion for summary judgment and a motion to strike affidavits and an appendix submitted by Perry in his answer to the Fund's summary judgment motion that indicate that Perry was an employee of the Sheet Metal Workers' Local No. 73 Apprentice & Journeymen's Training Fund ("Training Fund").

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most

favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Motion to Strike

The Fund has filed a motion to strike references in the answer to the instant motion and statement of additional facts. Perry refers to affidavits and an appendix submitted by Perry along with his answer to the Fund's summary judgment motion that indicate that Perry was an employee of the Training Fund while working at Washburne. Perry has provided affidavits signed by himself and William J. Wilk ("Wilk"). In their affidavits, both Perry and Wilk allege that when they were approached by Keith Switzer, a Local 73 contractor, to teach at Washburne, they were both specifically assured that they would not lose any prior credited years of pension service. Perry has also submitted pay stubs from 1985 to 1992, which constitutes most of the time in which he was employed at Washburne, which indicate that he was an employee of the Training Fund.

The Fund argues that these documents were not presented to the Fund's appeals committee when it made its decision and therefore should not be considered by this court. The Fund claims that Perry argued in his appeal to the committee only

4

that Washburne was a union-sanctioned entity sanctioned by the Training Fund, and that Perry did not argue that he was actually an employee of the Training Fund.

We can review the determination of the Fund's appeals committee solely based upon the evidence presented before the committee at the time it made its determination. *See Hess v. Hartford Life & Acc. Ins. Co.*, 274 F.3d 456, 462 (7th Cir. 2001)(stating that "in evaluating a plan administrator's decision under an arbitrary and capricious standard of review, [a district court] should consider only the evidence that was before the administrator when it made its decision."). However, if an administrator is given notice that relevant documents exist, he cannot simply ignore documents and expect the district court to refuse to consider them simply because the administrator didn't read them. *Id.* at 462-63.

In this case, the Fund claims that the affidavits and the pay stubs were not presented to the appeals committee when they made their decision. Perry indicated in his letter to the Fund dated January 30, 2003, that he was an employee of the Training Fund. In its decision the appeals committee failed to specifically address the issue of whether Perry was an employee of the Fund. The appeals committee cannot shield itself from considering evidence that was brought to its attention by the plaintiff employee. In *Hess v. Hartford Life & Acc. Ins. Co.* the defendant plan moved to strike the presentation by the plaintiff of a contract because the administrator did not see the contract before making his decision. *Id.* at 462. However, the Seventh Circuit noted in *Hess* that the "examiner had before him a

letter from [the plaintiff's] attorney that made explicit reference to the contract and even quoted the relevant portions." *Id.* at 462. Even though the examiner was not provided a copy of the contract, the Seventh Circuit found it persuasive that he was aware of the contract's existence and "he easily could have obtained a complete copy through a simple phone call to [the plaintiff's] lawyer or to [the plaintiff's] employer]." *Id.* The court also stated "the fact the examiner did not bother to read pertinent evidence actually before him cannot shield [the fund] from review." *Id.* at 462-63. Similarly, the same logic applies in the instant action, the appeals committee was sufficiently notified of the likely existence of Perry's pay stubs and the contentions made in his affidavit. In his January 30, 2003, letter to the Fund, Perry provided sufficient notice of his employment with the Training Fund while teaching at Washburne. In the sixth paragraph, he specifically mentions that his supplemental salary, recurring training salary, and night school pay were all provided by the Training Fund and specifically states that he was an employee of the Fund. Even if the pay stubs weren't submitted to the committee, the committee could easily have contacted the Training Fund and requested a copy of Perry's pay stubs, which may have played a pivotal role in their decision.

Also, Perry's affidavit is nearly identical in content to his January 30 letter to the appeals committee. Nearly every statement Perry makes in his affidavit was made to the appeals committee in the letter, with the exception of paragraphs 7, 16, and 18. Perry essentially did introduce the statements in his affidavit to the appeals

committee with his letter, with the exception of 3 paragraphs. Therefore, a motion to strike on the grounds that this information was not before the appeals committee would not be proper.

Finally, the Fund's objection to the introduction of evidence indicating that Perry was an employee of the Training Fund is largely irrelevant since the Fund has admitted as much pursuant to Local Rule 56.1. In the Northern District of Illinois, parties must comply with Local Rule 56.1. Compliance requires "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Local Rule 56.1 (a)(3). The statement of material facts is comprised of "short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record and other supporting materials relied upon to support the facts set forth in that paragraph." Local Rule 56.1 (a). The non-moving party is correspondingly obliged to submit "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon . . . ." Local Rule 56.1 (b)(3)(A). The non-moving party may also file own statement of additional facts and the moving party must then respond. Local Rule 56.1 (a) & (b)(3)(B). The court will deem any fact admitted in the opponent's statement of facts unless the fact is properly denied by the opposing party. Local Rule 56.1 (a) & (b)(3)(B). A denial is improper if the denial is not accompanied by specific references to admissible

7

evidence or at least evidence that represents admissible evidence. *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000)(stating in addition that "[t]he purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument."). Pursuant to Rule 56.1 any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted. Local Rule 56.1; *Dent* 2003 WL 22025008, at *1 n.1. See *Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1). Furthermore, the 7th Circuit has held that this court "is entitled to expect strict compliance with Local Rule 56.1." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating in addition that "[s]ubstantial compliance is not strict compliance.").

In the instant action, the Fund has not submitted any response to Perry's 56.1 statement of additional facts. The Fund has thus failed to file a response to each numbered paragraph of Perry's statement of additional facts, and has not included citations to evidence to support any denial. Although the Fund filed a motion to strike, any objections to evidence cited by Perry in his statement of additional facts, were required pursuant to Local Rule 56.1 to be listed in numbered responses to Perry's additional facts. The Fund was required to provide numbered responses and

8

admit the facts that were not contested and, in regards to specific facts that the Fund contested, the Fund could have denied the facts based on the inadmissibility of the evidence cited by Perry in support of his additional fact. The filing of a motion to strike does not excuse the Fund from compliance with Local rule 56.1. *See e.g. id.* at 814, 818 (affirming district court that granted a motion to strike expert testimony regarding specific responses to specific 56.1 facts). The purpose of Local Rule 56.1 is to isolate legitimately disputed facts and assist the court in its summary judgment determination. The Fund's failure to follow the requirements of Local Rule 56.1 leaves the court only with the alternative of scouring the record on its own in search of disputed facts. The courts are not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge v. American Hoechst Corp,* 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating in addition that a local rule pertaining to summary judgment "is more than a technicality").

Therefore, all the facts included in Perry's statement of additional facts are deemed admitted. The Fund thus admits that "as an employee of Local 73, Perry was covered by a participation agreement between Local 73 and the Fund, which had just begun to include Local 73 members in 1983." (SAF 7). The Fund admits that while Perry worked for the Training Fund, "Perry asked the apprentice coordinator if he would receive pension service credits for his teaching at Washburne," (SAF 5), and the apprentice coordinator "told Perry that he would

receive his pension service credit." (SAF 6). The Fund admits that while Perry was a teacher for the Training Fund he "was at all times an employee of" the Training Fund. (SAF 21).

The Fund also concedes that Perry raised the issue of his employment status with the Training Fund before the appeals committee and that the "defendant Fund failed to consider or address his contention that while at Washburne, he was an employee of Local 73." (SAF 27, 28). These and other facts included in Perry's statement of additional facts make it clear that the Fund has conceded pursuant to Local Rule 56.1 that Perry was an employee of the Training Fund and that he raised this issue before the appeals committee. Therefore, we deny the Fund's motion to strike.

## II. Motion for Summary Judgment

The proper standard of review of a plan administrator's decision "depends on the amount of discretion that plan documents afford the plan administrator. . . ." *Militello v. Central States, Southeast and Southwest Areas Pension Fund*, 360 F.3d 681, 685 (7th Cir. 2004). If benefits were denied by the administrator the district should review the denial de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* (quoting *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). If the plan language provides the administrator with


"discretionary authority, then a denial of benefits will be reviewed under an arbitrary and capricious standard." *Id.*

In the instant action, all parties agree that the plan at issue provides the plan administrator with discretionary authority and that the arbitrary and capricious standard is the appropriate standard of review for this court. (Mot SJ 5); (Ans Mot 7). Discretionary power is clearly awarded by the plan document, which grants a Board of Trustees ("Trustees") the "sole and absolute power, authority and discretion to determine: (1) the standard of proof required in any case; (2) the application and interpretation of this plan; (3) entitlement to or amount of a pension; (4) the disability, extent of disability, or non-disability of Participants; and (5) the crediting of Future or Past Service Credit; and (6) the crediting of Hours of Work and Years of Service." (Plan Section 8.03(a)).

Under the arbitrary and capricious standard, an administrator's decision cannot be overturned as long as "(1)'it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome,' (2) the decision 'is based on a reasonable explanation of relevant plan documents,' or (3) the administrator 'has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem.'" *Hess*, 274 F.3d at 461(quoting *Exbom v. Central States, Southeast and Southwest Areas Health and Welfare Fund* 900 F.2d 1138, 1142-43 (7th Cir.1990)). However, the deference given to an administrator's decision under the standard is not absolute and "[i]n some cases, the plain language

or structure of the plan or simple common sense will require the court to pronounce an administrator's determination arbitrary and capricious." *Id.*

### A. Local Rule 56.1 Admissions

As indicated above, all of the facts included in Perry's statement of additional facts are deemed admitted pursuant to Local Rule 56.1. Therefore, based upon the facts admitted by the Fund, there are legitimately disputed issues to be resolved by the trier of fact regarding the appeals committee's decision. For instance, the Fund admits that Perry was an employee of the Training Fund and that Perry was told by the apprentice coordinator that he would receive pension service credit for his teaching for the Training Fund. (SAF 6,7, 21). These, and other admitted facts create legitimately disputed material facts that require proceeding onward to trial.

### B. Appeal Committee's Failure to Consider Perry's Argument

Even if the Fund properly responded to Perry's statement of additional facts in accordance with Local Rule 56.1, the appeals committee's misinterpretation of Perry's appeal could be evidence of an arbitrary and capricious decision which creates an issue for trial. Although the appeals committee is given deference in this case, "the fact that an administrator blatantly disregards an applicant's submissions can be evidence of arbitrary and capricious action." *Hess*, 274 F.3d at 463.

In the instant action, despite the fact that Perry raised the fact that he was an employee of the Training Fund in his January 30 letter, the appeals committee

12

appears to have failed to consider Perry's argument that he was an employee of the Training Fund. In its decision, the appeals committee appears to have considered two factors of Perry's appeal. First, they consider the fact that at Washburne, Perry taught Training Fund members and second, the committee addresses the allegation that Perry had attained vested status at the beginning of his employment at Washburne. The appeals committee fails to consider (or at least explain) its decision concerning Perry's argument that Perry himself was an employee of the Training Fund during his employment at Washburne, which he clearly makes in his appeal letter of January 30. In his letter, Perry notes that all journeyman and apprentices were supplied by the Training Fund, that supplies were provided by the Training Fund, and most importantly, a significant portion of his salary was paid by the Training Fund. Perry then makes the statement "I was nevertheless an employee of Local 73." This is clearly an argument that he is entitled to pension credit as a result of being a Training Fund employee himself during his employment at Washburne. The appeals committee's apparently concluded that Perry was arguing that he is entitled to pension credit because he taught Local 73 members, or because Washburne was a union-sanctioned entity. Based on Perry's statements in the letter, such a conclusion by the appeals committee was not justified.

The Fund argues that it properly used its discretionary power to exclude Perry from a pension. Under the plan, in special circumstances, the Fund is given the power to exclude certain employees from participation in the fund to the extent that

such exclusion is permitted by law and the Fund's rules. The appeals committee made no reference to any rule or special circumstance that warrant the exclusion of Perry from his pension credit in its decision. Perry's absence from a list of full-time Training Fund employees from January 1983 to 1993 does not constitute an exclusion from the plan, and there is also no explanation why Perry would be excluded. The Fund seems to suggest that under the discretion of the plan, it is not required to provide any explanation for its decisions. Although, the Fund has discretionary authority, that authority is not absolute and limitless. The Fund also admits pursuant to Local Rule 56.1 that no document produced in discovery shows that Perry would be excluded from the plan. (SAF 19, 20).

## CONCLUSION

Based on the foregoing analysis, we deny the Fund's motion to strike and deny the Fund's motion for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 29, 2004